*527 OPINION.
Siepkin :
The single question raised by this proceeding is whether the amount of $19,661.45 which each of the petitioners herein claims as a reduction of his salary from Morana, Incorporated, was such or was in the nature of a payment for the worthlessness of certain contracts.
In 1914 the three petitioners turned over to Morana, Incorporated, certain foreign contracts for $162,000 of its capital stock. These contracts became worthless in 1920 and the balance in the contract account of the corporation at that time was $58,984.34.
The income-tax returns of each of the petitioners showed that the following salaries were received in 1920:
Carl Sckaetzer-.$89,884.48
Willard A. Walsb_ 142, 654.99
Warren E. Burns_ 120,137. 02
Each of the returns contains a deduction of $19,661.45, which is explained by a notation attached-to each in the following language:
Explanation of loss of $19,661.45:
In the year 1914, the taxpayer received capital stock of Company Mo-rana for certain foreign contracts on the assertion that they had the value of the par of the stock issued. It has transpired that said contracts were not of that value, and the company made a claim for payment back of pare of the purchasing price. This claim has been liquidated by the taxpayer being charged with the above sum of $19,661.45. The taxpayer faced the alternative of'being charged in this manner or by having his salary charged or reduced to the same extent. It is a loss in either event.
The minutes of a meeting of the stockholders of Morana, Incorporated, held on January 6, 1921, contained the following:
********
Whereas, On January 13, 1914, Carl Sckaetzer, Willard A. Walsh and Warren E. Bums received in exchange for their assignment of all interest in *528 tliia contract capital stock of the Oompagnie Morana of a par value equal to $162.900', and
Whereas, the fact that this contract is, at the present time of no value to Morana Incorporated will cause a loss to Morana Incorporated of $58,984.34, it is hereby
Resolved1: That the officers of the company be instructed to charge this amount of loss $58,984.34, one-third each, to Oarl Schaetzer, Willard A. Walsh, and Warren E. Burns on the books of the company, and that the proper officers be and hereby are instructed to collect said amount as soon as possible from said Oarl Schaetzer, Willard .A. Walsh and Warren E. Burns.
* * * * * $ *
At this meeting the stated salary of each of the petitioners was increased from $30,500 to $50,000 per year. Nothing in the minutes of this meeting would indicate that a reduction in salary to the petitioners was contemplated by the corporation.
The only evidence in the case supporting the contention of the petitioners that the item of $19,661.45 constituted a reduction in the salary of each is the testimony of the petitioners. They stated that in 1920, the business of the corporation having fallen off, they decided at an informal conference that they would accept a reduction in salary in the above amount. They testified that this was the customary manner of conducting the business of the corporation as they were the principal stockholders. The bookkeeper of the corporation was instructed to make proper entries on the books of the corporation, and the corporation’s attorney was instructed to draw up proper minutes to cover this reduction in salary, to be formally ratified at a regular stockholders’ meeting. They testified that these instructions were not carried out, and that the minutes of the stockholders’ meeting do not truly reflect the intention of the parties in the matter. They further testified that the same person who prepared the minutes of. the meeting also prepared the income-tax returns of the petitioners, and that the explanation of the deduction of the $19,661.45 contained in the- said reduction is not a proper explanation of the deduction. They testified that at the same time that they agreed to accept a decrease in salary, salaries of other employees were reduced, and some employees were discharged, all in line with a general retrenchment plan.
The fact that the stated salaries of the petitioners were increased from $30,500 to $50,000 was certainly not in conformity with a retrenchment plan, since this is purely an increase in salary. The bonus and commission which the petitioners were entitled to was an uncertain amount.
From all the evidence we must conclude that the amount of $19,661.56, claimed by each of the petitioners in this proceeding as a deduction, was a further contribution to the capital of Morana, Incorporated, to cover the corporation’s loss due to the worthlessness *529 of the contracts -which they had transferred to Morana, Incorporated, for capital stock.
In John G. Paxton, 7 B. T. A. 92, we held that assessments on stock paid by individual stockholders represented additional cost of the stock and are not deductible as losses until the stock is sold or becomes worthless. See also Harry E. Lutz, 2 B. T. A. 484.
In Winthrop Ames, 1 B. T. A. 63, we held that a taxpayer owning all the stock of a corporation, not a personal service corporation, may not deduct under the Revenue Act of 1918, as losses sustained in the business or as debts ascertained to be worthless, advances made to such corporation in the amount of the losses actually sustained by the corporation during a year so long as the corporation has net assets from which recovery in part is possible.
In accordance with these decisions we must hold that the deductions claimed can not be allowed.

Judgment will he entered for the respondent.